UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOHN W. FRYER,<br>   Plaintiff | Case No. 1:10-cv-62 |
| vs | Beckwith, J.<br>Litkovitz, M.J. |
| MICHAEL J. ASTRUE, et al.,<br>   Defendant, | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, John W. Fryer, brings this action pro se against Michael J. Astrue, the Commissioner of the Social Security Administration, and Ned O. Morell, the District Manager of the Cincinnati North Field Office for the Social Security Administration, challenging the recoupment of overpayments of Social Security benefits. This matter is before the Court on defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. 6), plaintiff's memoranda in opposition (Docs. 14, 20), and defendants' reply memorandum (Doc. 16), and on plaintiff's motion for summary judgment and/or for directed verdict on the pleadings (Doc. 21) and defendants' motion to dismiss plaintiff's motion for summary judgment. (Doc. 22).

**Facts**

The complaint alleges that plaintiff began receiving Social Security disability benefits in 1992. In 2004, after plaintiff turned 65 years old, his benefits converted to Social Security retirement benefits. Plaintiff's son and wife also received Social Security benefits. Plaintiff was the representative payee for his son's Social Security benefits and in that capacity managed

his son's benefits.[1]

On November 25, 2005, the Social Security Administration (SSA) notified plaintiff of an overpayment of benefits. (Doc. 6, Baskerville Decl. ¶3). Thereafter, SSA began deducting benefits from plaintiff's Social Security check to recoup the overpayments. Plaintiff alleges that he is not at fault for the overpayments and that SSA caused the overpayment of benefits to his son and wife. Plaintiff alleges that SSA failed to cease paying benefits to his wife when plaintiff notified SSA of her earned income and requested that her Social Security benefits be stopped. He also alleges that he never agreed to act as his son's guardian/payee for benefit purposes, that Social Security wrongly appointed him as payee of those benefits, and that when he advised SSA he was unable to act as payee for his son's benefits because of his medical condition, SSA ignored his requests to be removed as payee. Plaintiff alleges he filed "Waivers" or formal requests to be excused from the overpayments, but that SSA continues to make monthly deductions from his checks.

Plaintiff alleges that he contacted defendant Astrue in February 2008 in an attempt to resolve the overpayment issues but to no avail.

Plaintiff alleges that he also sought assistance with this matter from Congresswoman Jean Schmidt. Plaintiff submits a copy of a February 2009 letter from SSA to the congresswoman in response to an inquiry by the congresswoman on plaintiff's behalf. In that letter, defendant Morrell advised that plaintiff was originally overpaid because his disability

---

[1] Plaintiff states the Social Security Administration (SSA) made him the "guardian" of his son's benefits. In actuality, he was the "representative payee" for his son's benefits who had a fiduciary duty to manage the benefits in accordance with SSA regulations. Under some circumstances a representative payee may be responsible for paying back benefits that have not been used properly. 20 C.F.R. § 404.2041(a). Only SSA has the discretion and authority to designate, change, and enforce the duties of a representative payee. 42 U.S.C. § 1383(a)(2); 20 C.F.R. §§ 404.2001-404.2065.

ceased; that plaintiff initiated numerous waiver requests but never fully completed them and failed to submit all of the required proof of expenses to complete the waiver process; that plaintiff had agreed to repay certain overpayments; and that the overpayments to plaintiff and his wife were the result of their earned income. (Doc. 14, Ex. 32). Plaintiff alleges that defendant Morrell "did intentionally and deliberately make Slanderous remarks as regards Plaintiff" by sending this letter to Congresswoman Schmidt. (Doc. 3 at 9).

Plaintiff filed the instant action on February 16, 2010. Plaintiff seeks a refund of all monies withheld by defendants from his Social Security check, the correction of plaintiff's credit scores, and $20 million in damages. Plaintiff also requests that "latches be attached to Defendants for violating the right of due process of law, by ignoring to act and failing to act in a timely and judicious manner as to the numerous requests for waiver of overpayment to the above" and that "all overpayments and/or alleged overpayments be hereby permanently ordered waived." (Doc. 3 at 10).

## Motion to Dismiss Standard

Defendants seek dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(1) alleging the Court lacks subject matter jurisdiction. Plaintiff bears the burden of proving jurisdiction in order to survive a motion to dismiss on grounds of lack of subject matter jurisdiction. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003); *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n., Inc.*, 287 F.3d 568, 573 (6th Cir. 2002); *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). "In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by

3

affidavits." *Nichols*, 318 F.3d at 677 (citing *Rogers v. Stratton Industries*, 798 F.2d 913, 916 (6th Cir. 1986)). "[W]here a defendant argues that the plaintiff has not alleged sufficient facts in [his] complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true." *Nichols*, 318 F.3d at 677 (citing *Jones v. City of Lakeland*, 175 F.3d 410, 413 (6th Cir. 1999)).

### The Court Lacks Jurisdiction Over Plaintiff's Social Security Waiver of Overpayment Claim.

The Social Security Act authorizes the Commissioner to recoup overpaid benefits. 42 U.S.C. § 404(a). The Act also provides, however, that recovery of an overpayment of benefits may be waived where (1) the beneficiary is "without fault" and (2) recovery would either defeat the purpose of Title II of the Social Security Act or would be against equity and good conscience. 42 U.S.C. § 404(b). Where a plaintiff seeks judicial review of the decision to assess an overpayment or deny a waiver of an overpayment, he must first comply with certain statutory prerequisites.

Judicial review of Social Security decisions is governed by 42 U.S.C. § 405(g) and 405(h). Section 405(g) provides in relevant part:

> Any individual after any *final decision of the Commissioner made after a hearing to which he was a party* . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g) (emphasis added). Section 405(h) states:

> The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency *except as herein provided*. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought

4

> under Section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h) (emphasis added). The decisions of the Commissioner may only be reviewed by a court as provided under the Social Security Act. *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975). This means that before a federal court may review the findings and decisions of the Commissioner, "administrative exhaustion will be required." *Id.*

Two elements are required to establish federal jurisdiction to review the decisions of the Commissioner of Social Security: (1) a plaintiff must exhaust his administrative remedies, and (2) the Commissioner must issue a final decision. *See Pohlmeyer v. Secretary of Health and Human Services*, 939 F.2d 318, 320 (6th Cir. 1991) (citing *Mathews v. Eldridge*, 424 U.S. 319, 327-29 (1976)).

Before plaintiff may obtain judicial review of a claim for benefits, he must exhaust the four-step administrative process in the Social Security Administration: (1) initial determination; (2) reconsideration; (3) a hearing before an administrative law judge; and, (4) Appeals Council review. *See* 20 C.F.R. §§ 404.900(a)(1)-(4); 416.1400(a)(1)-(4). For purposes of the finality requirement of § 405(g), a claim becomes "final" after the Appeals Council renders its decision. *See Willis v. Sullivan*, 931 F.2d 390, 397 (6th Cir. 1991) (footnotes and citations omitted); *see also Nicholson v. Commissioner of Soc. Sec.*, 83 F. App'x 785, 786 (6th Cir. 2003). When a claimant has completed these four steps, the agency "will have made [its] final decision" and the claimant "may request judicial review by filing an action in a Federal district court." *See* §§ 404.900(a)(5); 416.1400(a)(5). *See also Atkin v. Lewis*, 232 F. Supp.2d 770, 773 (N.D. Ohio 2002). Decisions relating to waivers of

overpayments are subject to the four-step administrative process to obtain judicial review. *See Whiteside v. Secretary v. Health and Human Services,* 834 F.2d 1289, 1296 (6th Cir. 1987). *See also Quinn v. Commissioner of Social Sec.,* No. 08-11023, 2008 WL 4792012, at *1 (E.D. Mich. Oct. 28, 2008); *Smith v. Commissioner of Social Sec.,* No. 06-CV-13155, 2007 WL 37737, at *3 (E.D. Mich. Jan. 4, 2007).

In this case, plaintiff's waiver of overpayment claim must be dismissed because the Court lacks federal jurisdiction over the complaint. The record before the Court clearly shows that plaintiff has not exhausted his administrative remedies in the Social Security Administration before filing his complaint in this federal court. According to the uncontested declaration of Ernest Baskerville, SSA's Chief of Court Case Preparation and Review Branch 3, SSA's records show that plaintiff was notified of an overpayment on November 25, 2005, but there has been no administrative appeal made in regard to the overpayment. (Doc. 6, Baskerville Decl.). While plaintiff presents copies of numerous waiver forms and letters he sent to SSA and others outside of the agency disputing the overpayment, there is no indication that plaintiff availed himself of the four-step administrative review process before filing his complaint in this federal court. Plaintiff, who has the burden of showing subject matter jurisdiction, does not allege or show that he has received a final decision from the Commissioner after review by the Appeals Council, the final step in the administrative review process. In the absence of exhaustion of the administrative review process and a final decision by the Commissioner, this Court is without jurisdiction over plaintiff's complaint.

Although the exhaustion requirement may be excused in certain circumstances, this is not such a case. Exhaustion may be excused where the plaintiff raises a claim that is wholly

collateral to his claim for benefits and makes a colorable showing that the claim could not be remedied by a retroactive award of benefits. *Heckler v. Ringer*, 466 U.S. 602, 618 (1984).

Here, plaintiff suggests that exhaustion should be waived because he was denied due process when defendants failed to act "in a timely and judicious" manner on his waiver requests. (Doc. 3 at 10). Yet, the remedies plaintiff seeks from this Court–a "permanent" waiver of any overpayments and the recoupment of benefit payments already made–show his due process claim is inextricably intertwined with his claim seeking a waiver of his overpayments. In any event, because the Commissioner's decision can be remedied with retroactive payments, the claim presents no danger of irreparable harm, nor is there any indication that pursuit of administrative remedies would be futile. *See Mathews v. Eldridge*, 424 U.S. 319, 330-32 (1976). *See also Manakee Prof. Med. Trans. Serv., Inc. v. Shalala*, 71 F.3d 574, 581 (6th Cir. 1995). Therefore, waiver of exhaustion is not appropriate in this case.

For these reasons, the Court lacks federal jurisdiction over plaintiff's waiver of overpayment claim.

### Plaintiff's Tort Claims Should be Dismissed

Plaintiff also alleges a tort claim for libel and slander against defendant Morrell, who plaintiff identifies as an employee and District Manager of the SSA office in Cincinnati, Ohio. Plaintiff's tort claim is based on Morrell's written communication to Congresswoman Schmidt concerning the overpayment issues raised in this case. (Doc. 3, ¶13; Doc. 14, ¶5). Plaintiff's tort claim must be dismissed as barred by the doctrine of sovereign immunity and for lack of jurisdiction.

It is well settled that the United States may not be sued without its consent under the

7

doctrine of sovereign immunity. *See United States v. Mitchell,* 445 U.S. 535, 538 (1980); *Blakely v. United States,* 276 F.3d 853, 870 (6th Cir. 2002). Plaintiff's complaint against defendant Morrell in his official capacity is in effect a suit against the United States as the relief sought would in fact operate against the United States. *See Dugan v. Rank,* 372 U.S. 609, 620 (1963); *Hawaii v. Gordon,* 373 U.S. 57, 58 (1963); *Blakely v. United States,* 276 F.3d 853, 870 (6th Cir. 2002). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena,* 518 U.S. 187, 192 (1996). "'[T]he circumstances of [the waiver of sovereign immunity] must be scrupulously observed and not expanded by the courts.'" *Blakely,* 276 F.3d at 864 (quoting *Kokotis v. United States Postal Serv.,* 223 F.3d 275, 278 (4th Cir. 2000)). Absent an explicit waiver of sovereign immunity by statute, suits against the government or its agents must be dismissed. *Loeffler v. Frank,* 486 U.S. 549, 554 (1988); *United States v. Mitchell,* 463 U.S. 206, 212 (1983).

The burden is on plaintiff to "identify a waiver of sovereign immunity in order to proceed against the United States. If he cannot identify a waiver, the claim must be dismissed on jurisdictional grounds." *Reetz v. U.S.,* 224 F.3d 794, 795 (6th Cir. 2000) (citing *Dalehite v. United States,* 346 U.S. 15, 30 (1953)). In this regard, plaintiff has failed to identify the waiver of sovereign immunity in this case.[2] Assuming, *arguendo*, plaintiff may be relying on the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 et seq., for waiver of sovereign immunity

---

[2]To the extent plaintiff's complaint alleges violations of his constitutional rights by the federal defendants, neither the Constitution nor 28 U.S.C. § 1331 acts as a waiver of sovereign immunity. *Reed v. Reno,* 146 F.3d 392, 397 (6th Cir. 1998). Likewise, 28 U.S.C. § 1343, the jurisdictional statute over civil rights actions, does not constitute a waiver of the United States' sovereign immunity. *See Wright v. State,* Case No. 1:05-cv-18, 2006 WL 2850508, *7 (S.D. Ohio Sept. 29, 2006) (Weber, J.) (and cases cited therein).

in this case, the Court still lacks jurisdiction over this claim.

The Federal Tort Claims Act grants jurisdiction to the federal courts to hear suits against the United States Government for torts committed by its employees while in the scope of their employment. *See* 28 U.S.C. § 2675(a). Actions brought pursuant to the FTCA must be brought against the United States of America and not in the name of the allegedly negligent agency, entity or employee. 28 U.S.C. §§ 2671-2680; 28 U.S.C. § 1346(b). *See Good v. Ohio Edison Co.*, 149 F.3d 413, 418 (6th Cir. 1998); *Allgeier v. United States*, 909 F.2d 869 (6th Cir. 1990). Because plaintiff does not name the United States as a defendant, his complaint fails to state a claim for relief under the FTCA.

Even if plaintiff had named the United States as a defendant, his FTCA claim must nevertheless be dismissed for two reasons. First, the FTCA exempts from its coverage intentional torts. "The intentional-torts exception to the FTCA states that the United States has not waived sovereign immunity for '[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, *libel, slander*, misrepresentation, deceit, or interference with contract rights.' 28 U.S.C. § 2680(h)." *Lovely v. U.S.*, 570 F.3d 778, 782 n.3 (6th Cir. 2009) (emphasis added). Therefore, plaintiff may not rely on the FTCA for a waiver of sovereign immunity for his claim for libel and slander.

Second, plaintiff's FTCA claim must be dismissed because plaintiff fails to allege any facts showing he exhausted his administrative remedies prior to bringing suit in federal court. Exhaustion of administrative remedies is a prerequisite to federal jurisdiction over an FTCA claim. *See* 28 U.S.C. § 2675(a); *Joelson v. United States*, 86 F.3d 1413, 1422 (6th Cir. 1996);

*Garrett v. United States*, 640 F.2d 24, 25 (6th Cir. 1981). Plaintiff has neither alleged nor shown that he first presented his libel and slander claim to the appropriate agency and had the claim finally denied by the agency.[3] *See* 28 U.S.C. § 2675(a). Accordingly, the Court should dismiss plaintiff's FTCA claim for lack of subject matter jurisdiction.

Finally, even if the Court were to liberally construe plaintiff's complaint as alleging a state law claim for libel and slander against defendant Morrell in his individual capacity, the Court lacks diversity jurisdiction over the matter as both plaintiff and defendant Morrell are Ohio residents. *See* 28 U.S.C. § 1332(a). *See also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531 (1967)) (requiring complete diversity of citizenship).

For these reasons, plaintiff's tort claim against defendant Morrell should be dismissed.

**Plaintiff's motion for summary judgment and for directed verdict should be denied.**

As discussed above, this Court lacks subject matter jurisdiction over plaintiff's waiver of overpayment and tort claims. Accordingly, the Court likewise lacks jurisdiction over plaintiff's motion for summary judgment and/or for directed verdict on the pleadings. Plaintiff's motion should therefore be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. 6) be **GRANTED**.

---

[3] The federal defendant presents the Declaration of Mark S. Ledford, Director, Division of Contracts and Claims for SSA's Office of the General Counsel, Office of General Law, which avers that plaintiff has failed to file any administrative tort claim against SSA. (Doc. 6, Exh. B).

2. Plaintiff's motion for summary judgment and/or for directed verdict on the pleadings (Doc. 21) be **DENIED**.

Date: 2/22/11

Karen L. Litkovitz, Magistrate Judge
United States District Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JOHN W. FRYER,
    Plaintiff

vs

MICHAEL J. ASTRUE, et al.,
    Defendants

Case No. 1:10-cv-62

Beckwith, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br><br>X | ☑ Agent<br>☐ Addressee |
| | B. Received by (*Printed Name*) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>John W. Fryer<br>10607 Cinderella Drive<br>Montgomery, OH 45242 | D. Is delivery address different from item 1?  ☐ Yes<br>   If YES, enter delivery address below:   ☐ No | |
| | 3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D. | |
| | 4. Restricted Delivery? (*Extra Fee*) | ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7002 3150 0000 8389 1054 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1:10cv62  (Doc. 23)