IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| John W. Fryer, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:10-CV-62 |
| | ) |
| vs. | ) |
| | ) |
| Michael J. Astrue, | ) |
| Commissioner of Social | ) |
| Security, <u>et al.</u>, | ) |
| | ) |
| Defendant. | ) |

O R D E R

This matter is before the Court on Defendants' motions to dismiss (Doc. Nos. 14 & 20), Plaintiff's motion for summary judgment (Doc. No. 22), Magistrate Judge Litkovitz's Report and Recommendation of February 22, 2011 (Doc. No. 23), and Plaintiff's objections to the Report and Recommendation (Doc. No. 25).  In her Report and Recommendation, Magistrate Judge Litkovitz concluded that the Court lacks subject matter jurisdiction over this case and that, therefore, the complaint should be dismissed.  The necessary consequence of that conclusion was that Plaintiff's motion for summary judgment should be denied.  For the reasons that follow, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED**.  The Court **ADOPTS** the Report and Recommendation.  The Court lacks subject matter jurisdiction over this case.  Accordingly, Defendants' motions to dismiss are well-taken and are **GRANTED.**  The complaint is **DISMISSED WITHOUT**

**PREJUDICE.**  Plaintiff's motion for summary judgment is not well-taken and is **DENIED.**

Plaintiff John Fryer is caught up in the federal bureaucracy.  Plaintiff began receiving Social Security disability benefits in 1992.  In 2004, Plaintiff's disability benefits converted to retirement benefits.  Plaintiff's son, Erik, was also receiving Social Security disability benefits.  In 2003, against Plaintiff's will and desire, the Social Security Administration ("SSA") made Plaintiff the representative payee for Erik's benefits.  Plaintiff notified the SSA that he was physically incapable of managing Erik's benefits.  At some point, Erik's income made him ineligible to receive Social Security benefits.  The SSA kept paying Erik benefits anyway.

Plaintiff's wife, Tatiana, starting receiving Social Security benefits in 1999.  In January 2000, Plaintiff tried to notify the SSA that Tatiana's income was going to make her ineligible to continue receiving social security benefits.  The SSA kept paying Tatiana benefits for several more months anyway.

In 2005, Plaintiff received a notice from the SSA of overpayments to Erik and Tatiana and that it was going to recoup the overpayments by taking monthly deductions from his benefits.  Plaintiff filled out and submitted numerous requests with the SSA to waive recoupment; however, he never quite got the paperwork right.  For instance, on one occasion he signed a form that

Tatiana should have signed.  He has also failed to file with his recoupment waiver forms the documentation required to establish his inability to repay.  <u>See</u> Doc. No. 12-1, at 72-73.

Plaintiff's papers reflect that he made a number of unsuccessful in-person visits to the local SSA office to try to get his benefits situation straightened out.  He wrote letters to Senator Sherrod Brown and Representative Jean Schmidt asking for help.  Ned Morrell, the district manager of the local SSA office, responded to Representative Schmidt that Plaintiff's waiver forms were incomplete.  It appears that the SSA is attempting to recoup from Plaintiff about $1,200 in overpayments to Tatiana and about $6,500 in overpayments to Erik.  It is not disputed that the Commissioner of Social Security has never issued a final decision on Plaintiff's request for a waiver of recoupment.

On February 3, 2010, Plaintiff, proceeding pro se, filed a complaint against the Commissioner of Social Security and Ned Morrell.  Plaintiff's complaint alleges that the SSA violated his right to due process and wants the SSA to repay him all of the funds it has recouped from him to date plus interest, along with $20,000,000 in damages.  The complaint also alleges that Defendant Morrell defamed Plaintiff in his letter to Representative Schmidt.  The complaint fails, however, to identify which statements are alleged to be slanderous.

Defendants moved to dismiss the complaint for lack of subject matter jurisdiction.  Doc. No. 6.  Defendants argued that the Court lacks subject matter jurisdiction over Plaintiff's Social Security claim because he failed to exhaust the available administrative remedies.  Defendants argued further that Plaintiff's defamation claim is barred by sovereign immunity.  Plaintiff then filed his own motion for summary judgment (Doc. No. 21) which argued that the Court does have jurisdiction over this case and that his pleadings and exhibits demonstrate his right to relief.  Defendants then moved to dismiss Plaintiff's motion for summary judgment (Doc. No. 22) as being premature until the jurisdictional issue is resolved.

In her Report and Recommendation, Magistrate Judge Litkovitz concluded that the Court lacks subject matter jurisdiction over Plaintiff's Social Security claim because Plaintiff failed to complete the administrative review process and obtain a final decision from the Commissioner of Social Security.  Judge Litkovitz also agreed with Defendants that Plaintiff's defamation claim is barred by sovereign immunity.  Accordingly, Judge Litkovitz recommended that the complaint be dismissed for lack of subject matter jurisdiction and that Plaintiff's motion for summary judgment be denied.

Plaintiff's objections to the Report and Recommendation reiterate his frustration with the SSA.  Plaintiff contends that

he has done all he can do within the administrative process and that requiring him to exhaust the administrative remedies would be futile.  Plaintiff also apparently argues that Representative Schmidt waived sovereign immunity on behalf of the United States.

The Court reviews the Report and Recommendation <u>de novo</u> pursuant to Fed. R. Civ. P. 72(b).

As much as it sympathizes with Plaintiff's predicament, the Court must conclude that Judge Litkovitz's Report and Recommendation was correct.  It is well-established that federal courts lack subject matter jurisdiction over Social Security-related matters until the Commissioner issues a final decision on a claim.  <u>Weinberger v. Salfi</u>, 422 U.S. 749, 763-64 (1975).  This includes claims with constitutional issues intertwined with Social Security issues, as is the case here.  <u>Id.</u> at 760-61. Moreover, while Plaintiff has undoubtedly made numerous good faith efforts to obtain a waiver of recoupment from the SSA, requiring him to exhaust the administrative remedies would not be futile in this case because he could still obtain relief administratively by submitting the proper paperwork in the proper form.  <u>Cf.</u> <u>Manakee Prof. Med. Trans. Serv., Inc. v. Shalala</u>, 71 F.3d 574, 581 (6th Cir. 1995) (futility exception to exhaustion of administrative remedies requirement does not apply where the administrative process does not preclude plaintiff from obtaining relief).

Finally, Magistrate Judge Litkovitz correctly concluded that Plaintiff's defamation claim is barred by sovereign immunity. <u>Rector v. United States</u>, 243 Fed. Appx. 976, 979 (6th Cir. 2007); 28 U.S.C. § 2680(h).

In summary, for all of the above reasons, the Court lacks subject matter jurisdiction over the complaint. Accordingly, Defendants' motions to dismiss are well-taken and are **GRANTED**. The complaint is **DISMISSED WITHOUT PREJUDICE.** Plaintiff's motion for summary judgment is not well-taken and is **DENIED.**

**IT IS SO ORDERED**

Date April 19, 2011        s/Sandra S. Beckwith
                           Sandra S. Beckwith
                    Senior United States District Judge